**Carol LAUGHLIN, Plaintiff–Appellant,**

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

**No. 00–6695.**

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

**312**

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.[*]

This is an appeal from a summary judgment affirming a decision to deny Social Security disability benefits. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Carol Laughlin filed an application for Social Security disability insurance benefits on June 8, 1996. An Administrative Law Judge ("ALJ") eventually conducted an evidentiary hearing on Laughlin's application and concluded that she was not entitled to disability benefits. The ALJ's

conclusion subsequently became the final decision of the Appeals Council and Laughlin took an appeal to district court on the authority of 42 U.S.C. § 405(g). The district court granted the Commissioner's motion for summary judgment and this appeal followed.

Laughlin filed an application for disability benefits on June 8, 1996, based on neck impairments, muscle spasms and carpal tunnel syndrome. Laughlin has a high school education and a work history that includes line operator, assembly line worker, spot welder and vocational training instructor. Laughlin claimed that she was unable to engage in any gainful activity as of April 12, 1994, due to the combination of impairments listed above. Laughlin's initial application was denied and the matter eventually proceeded to an evidentiary hearing before an ALJ.

Laughlin testified in her own behalf, stating that she was unable to do most household chores, and her testimony was corroborated by another individual. In addition, Laughlin presented reports from several physicians in support of her claim. The physicians all noted Laughlin's neck and muscular conditions, yet not one of them characterized her as totally disabled by her condition. Most of them contained references to Laughlin's ability to do some gainful activity.

The ALJ considered the foregoing and solicited the opinion of a vocational expert as to the number of jobs in the economy available to one of Laughlin's limited physical abilities. The expert stated that there were 5300 jobs within a seventy-five mile radius of Laughlin's home that were within her physical abilities and over 400,000 such jobs in the national economy. The ALJ

[*] The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

concluded that Laughlin was not disabled, that she retained the residual functional capacity to perform light work with some restrictions and that a sufficient number of these restricted light work positions existed to justify denying Laughlin's claim. This is the conclusion that was adopted by the Commissioner and affirmed by the district court.

On appeal, counsel for Laughlin asserts that the Commissioner erred in concluding that Laughlin's impairments did not meet or equal those of a totally disabled person that in finding that she had the residual functional capacity to perform limited light work.

Section 405(g) of Title 42 provides that the Commissioner's findings are conclusive so long as they are supported by substantial evidence. This court's review "is limited to determining whether there is substantial evidence in the record to support the findings." *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir.1986). Substantial evidence is more than a mere scintilla of evidence; it is the relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir.1981). This court must defer to the decision of the Commissioner even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as the Commissioner's decision is supported by substantial evidence. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997). Deciding conflicts in evidence and determining credibility of witnesses is solely within the province of the Commissioner. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir.1987) (per curiam).

A cursory examination of the present record reveals substantial evidence to support the Commissioner's conclusion that Laughlin was not entitled to disability benefits. There is not one opinion of any physician, treating or consultive, to the effect that Laughlin cannot engage in some kind of gainful employment with definite restrictions. The vocational expert was asked to project the jobs available for one of Laughlin's physical limitations in an exchange in which counsel for Laughlin did not object to the characterization of Laughlin's capabilities. Counsel's appellate contention is that the Commissioner should have found Laughlin disabled under Listing § 1.05 C, "Disorders of the Spine." This Listing requires, however, Laughlin to prove that not only does she suffer from significant pain, muscle spasm or limitation of motion, but that she also suffered "significant motor loss with muscle weakness and sensory and reflex loss." Again, not one of her physicians assessed her condition in this manner. Neither did Laughlin produce objective medical evidence of an underlying medical condition so severe that it can reasonably be expected to produce the alleged disabling pain. *Duncan*, 801 F.2d at 853. The medical evidence, in fact, completely supports a finding that Laughlin is capable of "light work" as that term is defined at 20 C.F.R. § 404.1567(b). This appeal lacks merit.

Accordingly, the district court's judgment is affirmed.